IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDRICK LADON MCCARTY,

    **Plaintiff,**

v.                                                         CASE NO. 23-3125-JWL

KURTIS GRIMMITT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Edrick Ladon McCarty, who is currently confined at the Larned Correctional Mental Health Facility in Larned, Kansas, brings this pro se civil rights case.

Plaintiff filed this Complaint as a prisoner complaint for violations of his civil rights. Plaintiff alleges that CO Kurtis Grimmett maced Plaintiff and then picked him up and slammed him onto his head after Plaintiff "froze" and his "body locked up" due to him not being provided his medication. (Doc. 1, at 3.) Plaintiff alleges that this happened sometime in September 2022, at the El Dorado Correctional Facility ("EDCF"). *Id*. at 3, 5. Plaintiff seeks compensatory damages. *Id*. at 5.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly,

---

[1] Prior to filing the instant complaint on May 17, 2023, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See McCarty v. Sedgwick Cty.*, Case No. 02-3454-GTV (D. Kan. April 17, 2003) (Doc. 10, dismissing as barred by *Heck*); *McCarty v. Pawnee Cty.*, Case No. 21-3082-SAC (D. Kan. June 21, 2021) (Doc. 32, dismissed for failure to state a plausible claim); *McCarty v. Centurion*, Case No. 22-3024-SAC (D. Kan. March 15, 2022) (Doc. 15, dismissed for failure to state a claim); *McCarty v. Aramark*, Case No. 22-3025-SAC (D. Kan. Feb. 18, 2022) (Doc. 9, dismissed for failure to state a claim), *affirmed* Case No. 22-3035 (10th Cir. Aug. 19, 2022).

1

he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Plaintiff's claims relate to an incident occurring at EDCF in September of 2022. Plaintiff is not currently housed at EDCF and his allegations relate to past harm. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 16, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated May 18, 2023, in Kansas City, Kansas.**

        **S/  John W. Lungstrum**
        **JOHN W. LUNGSTRUM**
        **UNITED STATES DISTRICT JUDGE**