IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDRICK LADON MCCARTY,

    **Plaintiff,**

    v.                                                                 CASE NO. 23-3125-JWL

KURTIS GRIMMITT, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, Edrick Ladon McCarty, who is currently confined at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this pro se civil rights case. The Court entered a Memorandum and Order (Doc. 2) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until June 16, 2023, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.)

    Plaintiff has failed to pay the filing fee by the deadline set forth in the order. Plaintiff has instead filed several notices and responses to the Court's order. (Docs. 4, 5, 6, 7.) Plaintiff argues that he does not have sufficient funds to pay the filing fee and seeks to conduct discovery involving an incident that occurred in 2021. Plaintiff also argues that requiring him to pay the filing fee denies him access to the courts and that some of his cases were dismissed "without prejudice" and therefore should not be counted as strikes.

    Plaintiff's claims involve an incident occurring in 2021 or 2022, and nothing in Plaintiff's filings shows that he was in imminent danger when he filed this case. Furthermore, the three-

strikes provision has been held to be constitutional and dismissals "without prejudice" can count as strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."); *White v. Colorado*, 157 F.3d 1226, 1232–35 (10th Cir. 1998) (addressing constitutional challenges to 28 U.S.C. § 1915(g) and finding that proceeding in forma pauperis is a privilege, not a right).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated June 26, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
